IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| VACATIONS 4 U, LLC, ) | Case No. 3:23-bk-1229 |
| ) | |
| ) | Judge Charles M. Walker |
| DEBTOR. ) | |
| ) | |
| _____ ) | |
| ) | |
| JOHN C. MCLEMORE, ) | |
| TRUSTEE, ) | |
| ) | |
| PLAINTIFF. ) | Adv. Proc. No. _____ |
| ) | |
| ) | |
| v. ) | |
| ) | |
| BYZFUNDER NY LLC, ) | |
| ) | |
| DEFENDANT. ) | |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS AND
TO RECOVER AMOUNT OF SUCH TRANSFERS**

Plaintiff John C. McLemore, Trustee herein ("Trustee"), alleges upon knowledge as to himself and his acts, and upon information and belief as to all other matters, as follows as his Complaint against Byzfunder NY LLC (the "Defendant"):

Jurisdiction, Venue and Parties

1. This adversary proceeding is brought pursuant to, and under, Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to seek relief in accordance with sections 547(b) and 550 of title 11 of the United States Code, 11 U.S.C. § 101-1330 (the "Bankruptcy Code").

2. The Court has jurisdiction over this subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding as to which the Court may enter final judgment under 28 U.S.C. § 157(b)(2)(F) and (O).

1

3. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. John C. McLemore, a resident of Tennessee serving as the Trustee in this matter, is Plaintiff in this adversary proceeding.

5. Defendant, a New York corporation, is the defendant in this adversary proceeding. Defendant may be served with process through its registered agent, Ilya Fridman, CEO of Byzfunder NY LLC, 530 7th Avenue, Suite 505, New York, NY 10018.

## Procedural Background

6. On April 5, 2023 (the "Petition Date"), Vacations 4 U, LLC (the "Debtor"), filed a voluntary bankruptcy petition under chapter 7 of the Bankruptcy Code.

7. John C. McLemore was appointed as Trustee and has authority to pursue avoidance actions on behalf of the Debtor and its estate.

8. On September 1, 2023, Trustee's counsel sent Defendant a demand letter, with no response.

## Facts

9. The Trustee has conducted reasonable due diligence given the circumstances of this case and taking into account the Defendant's known and/or reasonably knowable affirmative defenses.

10. During the ninety (90) days preceding the Petition Date, one or more transfers (the "Transfers") of property were made to or for the benefit of the Defendant, which Transfers total $26,833.38. A detailed listing of the Transfers is attached hereto as Exhibit A.

11. The Transfers were transfers of interest of property of the Debtor.

12. The Transfers were transfers to or for the benefit of the Defendant.

13. The Transfers were transfers for or on account of antecedent debt owed by the Debtor before such transfers were made.

14. The Transfers were made while the Debtor was insolvent or was presumed to be insolvent.

15. The Transfers enabled the Defendant to receive more than the Defendant would have received if (i) this Case were a case under chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

## CLAIM: PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547

16. The Trustee incorporates herein each of the allegations contained in Paragraphs 1 through 15 of this Complaint.

17. The Transfers are avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and the Trustee may recover the value of the Transfers pursuant to an order of this Court and section 550 of the Bankruptcy Code.

WHEREFORE, the Trustee requests that the Court enter judgment (i) avoiding each of the Transfers pursuant to section 547(b) of the Bankruptcy Code, and (ii) granting the Trustee a judgment against the Defendant pursuant to section 550 of the Bankruptcy Code for the full amounts of the Transfers, with lawful pre- and post-judgment interest and costs; and (iii) grant such other and further relief, at law or in equity, as is appropriate under the circumstances.

RESPECTFULLY SUBMITTED:

*/s/ Justin Campbell*
JUSTIN T. CAMPBELL (BPR# 31056)
TRENT M. MERIWETHER (BPR# 38577)
THOMPSON BURTON, PLLC
1801 West End, Suite 1550
Nashville, TN 37203
(615) 465-6015
justin@thompsonburton.com
tmeriwether@thompsonburton.com

Counsel for the Trustee